Mr. Thomas C. Palmer City Attorney City of Riviera Beach 600 West Blue Heron Boulevard Riviera Beach, Florida 33404 Attention: Mr. Reginald D. Hicks Assistant City Attorney
Dear Mr. Palmer:
You have asked substantially the following:
 May a municipality enact a `crime prevention fund' ordinance, whereby a non-suspendable uniform penalty, in addition to any fine, is imposed upon a person convicted of certain offenses and paid into such fund?
In sum, I am of the opinion:
 A municipality, under its broad home rule powers, may prescribe penalties for violation of its ordinances.
Municipalities have broad `home rule' powers to `conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.'[1] (e.s.) Furthermore, s. 166.021(3), F.S., recognizes that the legislative bodies of municipalities have the power to enact laws upon any subject which may be addressed by the Legislature. This power is limited, however, in certain areas enumerated therein or on subjects expressly prohibited by the Constitution or by general law and any subject preempted to the state or a county.
This office has concluded that a municipality may enact an ordinance which creates an offense against the municipality for the same act which is an offense against a state criminal statute.[2]
A fine or penalty imposed for violation of a municipal ordinance, however, is not imposed as a fine or penalty for violation of a criminal statute.[3]
Moreover, when a municipality creates an offense against municipal law based upon the same act that constituted an offense against state law, a person tried for violation of the municipal ordinance cannot be prosecuted subsequently for violation of a state criminal statute arising from the same set of facts.[4] Due care should be taken, therefore, to ensure that no person is prosecuted for violating a municipal ordinance in these cases where the same actions or facts form the basis for prosecution under the more serious state criminal statutes.
In AGO 81-76, this office considered whether a municipality possesses the authority to impose penalties for violations of municipal ordinances and, if so, what limitations are placed upon the exercise of that authority. It was concluded that, under the home rule powers granted by s. 2(b), Art. VIII, State Const., and Ch. 166, F.S., municipalities have the power through enactment of ordinances, enforceable as local law, to prescribe penalties for violations of their ordinances. This office found no statutory or constitutional limitations upon the severity of a penalty imposed for violation of a municipal ordinance and concluded that any limitations on the power or severity of a penalty would be left to the discretion of the legislative body of the municipality.
I have no found, nor have you provided, any statutory or constitutional limitation on a municipality's power to prescribe penalties for violation of its municipal ordinances. As was noted in AGO 81-76, however, it would appear that the limitations on fines in Chs. 316 and 318, F.S., and for convictions of misdemeanors of the second degree in ss. 775.082 and 775.083, F.S., would serve as guidelines for any penalty imposed for violation of a municipal ordinance.
In light of the conclusions reached in AGO 81-76 and the absence of any statutory or constitutional limitations, it is my opinion that a municipality, within its governing body's discretion, may prescribe penalties for violation of its municipal ordinances.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 166.021(1), F.S., implementing s. 2(b), Art. VIII, State Const. 
[2] See, AGO 74-240. See also, AGO 78-111, recognizing that a municipality by ordinance may adopt state criminal or penal statutes by reference and receive the fines and forfeitures and civil penalties generated from violations of such ordinance.
[3] Cf., s. 775.08(4), F.S., providing that `[t]he term `crime' shall mean a felony or misdemeanor.' and s. 775.08(2), F.S., providing that "mis-demeanor' shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance.'
[4] Attorney General Opinion 78-111, discussing the holding in Waller v. Florida, 397 U.S. 387 (1970) (prosecution for violation of a municipal ordinance bars subsequent prosecution for violation).